UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-24670-CIV-UNGARO/MCALILEY

GENTI JANKULA,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.
_____/

## MIAMI HERALD MEDIA COMPANY'S
## MOTION TO INTERVENE AND TO UNSEAL JUDICIAL RECORDS

Miami Herald Media Company ("MHMC"), publisher of *The Miami Herald*, moves to intervene for the limited purpose of seeking access to the filings that have been sealed in this action, and for the entry of an Order unsealing those materials. The grounds for this Motion are:

### I.    INTRODUCTION

Plaintiff and Defendant were parties to an arbitration proceeding that resulted in an award being issued in favor of Plaintiff. Plaintiff (ostensibly under 9 U.S.C. §207) has petitioned to confirm the arbitrator's award [ECF No. 1]. Defendant (ostensibly under 9 U.S.C. §§10, 208) has cross-petitioned to vacate the award [ECF Nos. 13 & 14].

"Plaintiff [ ] filed [as attachments to his petition] un-sealed and un-redacted orders from the arbitration, *including the award itself*, and referenced the award's monetary amount in his petition to confirm the award" [ECF No. 4] (emphasis added). A few days after Plaintiff filed his petition, Defendant moved to have the petition and its exhibits – including the arbitration award – sealed from public view. *See id.* The sole basis for Defendant's request was that by agreeing to have their arbitration conducted in accordance with a specific dispute resolution company's

procedural rules, "[b]oth parties contracted and agreed to keep the arbitration and its results private" *See id.* at pp. 1-3.

Defendant did not argue that closure was needed to protect trade secrets or sensitive commercial information; indeed, Defendant did not argue that the petition and its exhibits contained any such information. Nor did Defendant argue that closure was necessary because the petition and its exhibits contained Plaintiff's or Defendant's personal information, identified the names of minors or victims of crime, or contained anything that might otherwise embarrass the parties if publicly disclosed. Defendant did not argue that the amount of the arbitrator's award, if publicly disclosed, would harm Plaintiff or Defendant.

Instead, Plaintiff argued only that the parties' agreed-to arbitration rules required confidentiality and, according to a judge in the Middle District of Florida, "'courts tend to honor parties' decisions to enter into confidential arbitration.'" *See id.* at pp. 2-3 (quoting *Barkley v. Pizza Hut of America, Inc.*, 2015 WL 5915817, at *2 (M.D. Fla. Sept. 12, 2016)). On that basis, Defendant argued that there was "good cause" to overcome any common law right of access that the press and public have in those materials. *See id.* Plaintiff joined Defendant's request [ECF No. 5].

The Court granted Defendant's motion [ECF No. 6]. The Court's Order states:

> The Court finds that good cause exists to seal the petition and the exhibits to it. Here the parties entered into a confidential arbitration agreement. The confidentiality of the arbitration was part of their bargained-for exchange, and courts regularly honor litigants' decisions to enter into confidential arbitration by sealing those documents. *See, e.g., Barkley v. Pizza Hut of Am., Inc.*, No. 614CV376ORL37DAB, 2015 WL 5915817, at *2 (M.D. Fla. Oct. 8, 2015 (collecting decisions). Accordingly, it is hereby
>
> ORDERED AND ADJUDGED that the motion (D.E. 4) is GRANTED. The Clerk SHALL SEAL the following docket entries: D.E. 1, D.E. 1-1, D.E. 1-2, and D.E. 1-3.

2

According to the docket sheet, those docket entries are the petition, the seafarer contract, the final arbitration award, and what, in context, seems to be a proposed order confirming the arbitration award.

Plaintiff and Defendant thereafter filed separate motions seeking leave to file various materials under seal. Specifically, Plaintiff sought leave to file under seal his consolidated brief regarding the parties' cross-petitions, as well as the exhibits to that consolidated brief [ECF No. 20]. Defendant sought to file under seal the exhibits to its consolidated brief regarding the parties' cross-petitions [ECF No. 20].

According to the parties' motions for closure, the exhibits to the consolidated briefs that the parties sought to seal were the rules under which the arbitration was conducted, and the motions, responses, replies, and orders that were filed in the arbitration. The sole reason that the parties offered for closure was that the Court had already approved sealing on the basis of the parties' contract for confidential arbitration. The Court entered an Order granting the parties' motions, and that Order was identical to the prior Order granting closure [ECF No. 21]. As directed by the Court, the Clerk sealed those documents.

Through this Motion, MHMC requests the entry of an Order unsealing everything has been sealed.

## II.     ARGUMENT

**A.     MHMC Has Standing To Intervene For The Purpose Of Obtaining Access To The Sealed Materials.**

MHMC, as publisher of *The Miami Herald* and the employer of professional journalists, has standing to intervene for the purpose of obtaining access to judicial proceedings and records that have been sealed. *See, e.g., Tribune Co. v. United States*, 784 F.2d 1518, 1521 (11th Cir. 1986) ("The press has standing to intervene in actions to which it is otherwise not a party in order

to petition for access to court proceedings and records."); *Newman v. Graddick*, 696 F.2d 796, 800 (11th Cir. 1983) ("This Court has upheld the press's standing to seek access in suits to which it is not a party."). MHMC requests that it be permitted to intervene in this action for the purpose of seeking access to the sealed materials.

**B.     The Sealed Documents Are Judicial Records To Which MHMC Has A First Amendment And Common Law Right Of Access.**

The first step in determining whether the press and public have a right of access to materials filed with the Court in a civil action is to determine whether the materials are "judicial records." It does not appear that the Eleventh Circuit, or district courts within the Eleventh Circuit, have considered this issue in connection with petitions to confirm or vacate arbitration awards.

However, courts in other jurisdictions have considered the issue and held that petitions and briefing relating to confirming or vacating arbitration awards – including the underlying awards themselves – are judicial records to which there is presumptive right of access. *See, e.g., Redeemer Committee of Highland Strategies Funds v. Highland Capital Management, L.P.*, 182 F.Supp.2d 128, 133 (S,D.N.Y. 2016) (quoting *Clearwater Insurance Co. v. Granite State Insurance Co.*, 2015 WL 500184, at *3 (S,D.N.Y. Feb. 5, 2015)) ("As an initial matter, 'it is well settled in this District that the petition, memoranda, and other supporting documents filed in connection with a petition to confirm an arbitration award (including the Final Award itself) are judicial documents that directly affect the Court's adjudication of that petition.'"); *Century Indemnity Co. v. AXA Belgium*, 2012 WL 4354816, at *13 (S.D.N.Y. Sept. 24, 2012) (same) (collecting decisions).

Although the Eleventh Circuit has not directly addressed this issue, its decisions indicate that it would reach the same result because the sealed materials have characteristics of pleadings and summary judgment briefing, to which there is a presumptive right of access. More specifically, Plaintiff's petition is – in the context of proceedings to confirm or vacate an arbitration award –

similar to a complaint, in that it is the document through which Plaintiff initiated this action, invoked the jurisdiction of the Court, and demanded relief from the Court. The materials at issue are also similar to summary judgment briefing, in that they contain the parties' arguments explaining why the Court should confirm or vacate the arbitration award on the basis of the parties' written submissions and, in doing so, conclude the action without any further proceedings.

This is important because the Eleventh Circuit has held that pleadings and motions for summary judgment are judicial records to which there is a public right of access. *See Federal Trade Commission v. AbbVie Products, LLC*, 713 F.3d 54, 62-63 (11th Cir. 2013) (holding that a complaint and its exhibits are judicial records); *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)) ("A motion that is 'presented to the court to invoke its powers or affect its decisions,' whether or not characterized as dispositive, is subject to the public right of access.").

There can be no dispute that the materials that were sealed here are judicial records to which there is a presumptive right of access. The next issue is whether that public right of access arises from the First Amendment or common law.

With respect to the First Amendment, the Eleventh Circuit does not appear to have addressed the issue, but courts in other jurisdictions have recognized a First Amendment right of access to pleadings and summary judgment briefing. *See, e.g., Bernstein v. Bernstein Litowitz et al.*, 814 F.3d 132, 141 (2d Cir. 2016) (applying First Amendment right of access to pleadings); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) (applying First Amendment right of access to motions for summary judgment). Thus, because the materials that were sealed serve the same function as pleadings and summary judgment briefing, the First Amendment provides a right of access to them.

The Eleventh Circuit has held that, at the very least, there is a common law right of access to pleadings and summary judgment briefing. *See AbbVie Products,* 713 F.3d at 62-63; *Romero v. Drummond Co., Inc.*, 480 F.3d 1246. The decisions cited above from other jurisdictions also hold that filings relating to confirming or vacating arbitration awards, including the underlying awards, are subject to a common law right of access. *See Highland Capital*, 182 F.Supp.2d at 133; *Century Indemnity*, 2012 WL 4354816, at *13.

There is a First Amendment and common law right of access to the materials that were sealed in this action.

### C. The Materials Can Be Sealed Only Upon A Showing Of Compelling Interests And Extraordinary Circumstances.

In seeking closure, the parties argued that there was a common law right of access to the sealed materials that could be overcome upon a showing of good cause [ECF Nos. 4, p.2; 19, p.2; 20, pp.1-2]. Neither party mentioned the First Amendment right of access or the heightened standard that must be met to obtain closure of materials to which there is a constitutional right of access. Instead, the parties mentioned only good cause and, on the basis of the parties' very limited argument, the Court found that good cause existed to seal the materials. This was incorrect because the good cause standard is inapplicable here. Instead, the standard required by the First Amendment required the parties to show a compelling interest and extraordinary circumstances, and the record does not permit such a finding.

Where, as here, there is a First Amendment right of access, "the proponent of sealing must demonstrate that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *See Bernstein*, 814 F.3d at 144 (internal quotation marks omitted); *see also Lugosch*,

435 F.3d at 124 (same).[1]  Here, the parties did not argue – and, thus, the Court had no occasion to consider – whether this heightened standard for closure required by the First Amendment was satisfied.  And, on the limited record that the parties presented to the Court, the heightened standard simply cannot be met here.  The materials that have been sealed should be unsealed.

**D.      Even If There Is Only A Common Law Right Of Access, That Right Cannot Not Be Overcome By A Showing Of Merely Good Cause.**

Even if the common law were the sole source of the public right of access to the materials that were sealed in this action – and the First Amendment were inapplicable – Plaintiff and Defendant were required to show more than good cause to overcome that right of access.

> We believe that the weight to be given to the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.  Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.

See *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).  The Eleventh Circuit has approvingly cited this holding by the Second Circuit in considering "where precisely the line should be drawn" in terms of how to balance competing interests.  *See Chicago Tribune*, 263 F.3d at 1311 n.7.

---

[1] The Eleventh Circuit has held that where discovery materials filed in the record of an action are at issue, the First Amendment right of access can be overcome by a showing of good cause.  *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001).  The Eleventh Circuit has also held that protective orders relating to pretrial discovery, which are issued under Rule 26(c) for good cause shown, are not subject to the heightened scrutiny required by the First Amendment.  *See In re: Alexander Grant & Co. Litigation*, 820 F.2d 352, 355 (11th Cir. 1987). Even if the First Amendment could ever be overcome by a showing of nothing more than good cause, those decisions are inapplicable here because the materials that were sealed in this action – especially the arbitration award, as well as the briefing submitted to the arbitrator – were not materials that were exchanged by the parties during pretrial discovery.

It is clear that the materials that have been sealed in this action fall in the area of the "continuum" that requires *more* than a showing of good cause. *See, e.g., Century Indemnity*, 2012 WL 4354816, at *14 (quoting *Global Reinsurance Corp.-U.S. Branch v. Argonaut Insurance Co.*, 2008 WL 1805459, at *1 (S.D.N.Y. Apr. 24, 2008) ("*Global II*")) (holding that the presumption of access "is reasonably high" for materials in proceedings to confirm or vacate arbitration awards; "[i]ndeed, the Awards themselves are 'the heart' of what the parties in this case asked 'the Court . . . to act upon.'") (ellipses in original); *Highland Capital*, 182 F.Supp.2d at 133 (describing the interest in materials to confirm or vacate arbitration awards as "weighty").

Here, the Court applied a good cause standard, and found good cause for sealing because Plaintiff and Defendant contractually agreed to confidentiality, and courts "regularly honor" such agreements [ECF Nos. 6 and 21].  The decision that the Court cited in its Orders held – with virtually no analysis – that courts "tend" to honor parties' agreements to keep arbitration confidential.  *See Barkley v. Pizza Hut of America, Inc.*, 2015 WL 5915817, at *3 (M.D. Fla. Oct. 8, 2015).  Courts that have considered this issue in much more depth than *Barkley* have correctly reached the opposite conclusion.

> True, there is a liberal federal policy favoring arbitration agreements.  It is also true that the common law right of public access to judicial documents is firmly rooted in our nation's history.  Arbitration remains a species of contract and, in the absence of some governing principle of law (*e.g.* in the regulatory requirements), parties are permitted to keep their private undertakings from the prying eyes of others.  *The circumstance changes when a party seeks to enforce in federal court the fruits of their private agreement to arbitrate, i.e. the arbitration award*.

*See Global Reinsurance Corp.-U.S. Branch v. Argonaut Insurance Co.*, 2008 WL 126976, at *1 (S.D.N.Y. Jan. 7, 2008) closure vacated on rehearing *Global II,* 2008 WL 1805459 (internal citations, quotation marks, and ellipses omitted) (emphasis added); *see also Global II*, 2008 WL 1805459, at *2 ("In circumstances where an arbitration award is confirmed, the public in the usual

case has a right to know what the Court has done.") (questioning how a court can order parties to comply with an arbitration award, or permit them to ignore it, without making the award publicly available); *Century Indemnity*, 2012 WL 4354816, at *14 ("At bottom, the confidentiality agreement at issue in this case may be binding on the parties, but it is not binding upon the Court.").

Plaintiff and Defendant sought and received closure on the basis of nothing more than the mere fact that they agreed to confidentiality. Not that the materials contain proprietary or trade secret information. Not that the materials relate to minor children or identify the victim of a crime. Not that the materials contain personal or otherwise embarrassing information. Instead, all that was offered in support of closure was that the parties agreed to confidentiality among themselves. And, what's more, neither party mentioned – and certainly did not address – the press's and public's countervailing interests in monitoring what transpires in federal court especially where, as here, the sealed materials are at the heart of what he Court is being asked to do. That the parties contractually agreed to confidentiality is insufficient to warrant closure, and there is no other basis in the record of this action capable of warranting closure. The materials that were sealed should be unsealed.

## III. CONCLUSION

For these reasons, MHMC respectfully requests the entry of an Order unsealing the materials that were sealed.

## CERTIFICATE OF COUNSEL

Counsel for MHMC conferred with counsel for Plaintiff and Defendant before filing this Motion. Plaintiff does not oppose the relief requested in this Motion. Defendant opposes it.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for MHMC
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
(305) 374-8500
(305) 789-7799 (facsimile)

s/ Scott D. Ponce
Sanford L. Bohrer (FBN 160643)
Scott D. Ponce (FBN 0169528)
Email: sbohrer@hklaw.com
E-mail:sponce@hklaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 16th day of April 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System.

s/Scott D. Ponce

#66912065_v1